FILED

UNITED STATES DISTRICT COURT JUN -5 PM 1: 10
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED HEALTHCARE INSURANCE COMPANY

    Plaintiff,

v.

                                        CASE NO.: 6:12-CV-846-Orl-31GJK

RAE C. WEIDNER; and PLATT
JACOBUS FIELDING VILLE TRIAL
LAWYERS LLC

    Defendants.
_____/

## COMPLAINT

Comes now Plaintiff United Healthcare Insurance Company ("United"), by and through its undersigned counsel, and hereby sues Rae C. Weidner and Platt Jacobus Fielding Ville Trial Lawyers LLC and states as follows:

### Count I – Constructive Trust / Equitable Lien

1. At all times material hereto, United was incorporated in the State of Connecticut and had its principal place of business in Hartford, Connecticut, and therefore, is considered a citizen of the State of Connecticut for purposes of diversity of citizenship jurisdiction.

2. At all times material hereto, Defendant Rae C. Weidner ("Weidner") was a resident of Palm Bay, Brevard County, Florida and is

8. United paid $114,048.88 in benefits on behalf of Weidner for care and treatment required as a result of his automobile accident.

9. The Certificate of Coverage for the subject heath plan provided by Plaintiff provides, in pertinent part, as follows:

> **Subrogation and Reimbursement**
>
> Subrogation is the substitution of one person or entity in the place of another with reference to a lawful claim, demand or right. Immediately upon paying or providing any Benefit, we shall be subrogated to and shall succeed to all rights or recovery, under any legal theory of any type for the reasonable value of any services and Benefits we provided to you; from any or all of the following listed below.
>
> In addition to any subrogation rights and in consideration of the coverage provided by this Certificate of Coverage, we shall also have an independent right to be reimbursed by you for the reasonable value of any services and Benefits we provide to you, from any or all of the following listed below.
>
> - Third parties, including any person alleged to have caused you to suffer injuries or damages.
>
> - Your employer.
>
> - Any person or entity who is or may be obligated to provide benefits or payments to you, including benefits or payments for underinsured or uninsured motorist protection, no-fault or traditional auto insurance, medial payment coverage (auto, homeowners or otherwise), workers' compensation coverage, other insurance carriers or third party administrators.

3

- Any person or entity who is liable for payment to you on any equitable or legal liability theory.

These third parties and persons or entities are collectively referred to as "Third Parties".

You agree as follows:

- That you will cooperate with us in protecting our legal and equitable rights to subrogation and reimbursement, including but not limited to:

    - providing any relevant information requested by us,

    - signing and/or delivering such documents as we or our agents reasonably request to secure the subrogation and reimbursement claim,

    - responding to requests for information about any accident or injuries,

    - making court appearances, and

    - obtaining our consent or our agents' consent before releasing any party from liability or payment of medical expenses.

- That failure to cooperate in this manner shall be deemed a breach of contract, and may result in the termination of health benefits or the institution of legal action against you.

- That we have the sole authority and discretion to resolve all disputes regarding the interpretation of the language stated herein.

- That no court costs or attorneys' fees may be deducted from our recovery without our express written consent; any so-called "Fund Doctrine" or "Common Fund Doctrine" or "Attorney's Fund Doctrine" shall not defeat this right, and we are

4

not required to participate in or pay court costs or attorneys' fees to the attorney hired by you to pursue your damage/personal injury claim.

- That regardless of whether you have been fully compensated or made whole, we may collect from you the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment, with such proceeds available for collection in include any and all amounts earmarked as non-economic damage settlement or judgment.

- That benefits paid by us may also be considered to be benefits advanced.

- That you agree that if you receive any payment from any potentially responsible party as a result of an injury or illness, whether by settlement (either before or after any determination or liability), or judgment, you will serve as a constructive trustee over the funds, and failure to hold such funds in trust will be deemed as a breach of your duties hereunder.

- That you or an authorized agent, such as your attorney, must hold any funds due and owning us, as stated herein, separately and alone, and failure to hold funds as such will be deemed as a breach of contract, and may result in the termination of health benefits or the instigation of legal action against you.

- That we may set off from any future benefits otherwise provided by us the value of benefits paid or advanced under this section to the extent not recovered by us.

- That you will not accept any settlement that does not fully compensate or reimburse us without our written approval, nor will you do

5

anything to prejudice our rights under this provision.

- That you will assign to us all rights of recovery against Third Parties, to the extent of the reasonable value of services and Benefits we provided, plus reasonable costs of collection.

- That our rights will be considered as the first priority claim against Third Parties, including tortfeasors for whom you are seeking recovery, to be paid before any other of your claims are paid.

- That we may, at our option, take necessary and appropriate action to preserve our rights under these subrogation provisions, including filing suit in your name, which does not obligate us in any way to pay you part of any recovery we might obtain.

- That we shall not be obligated in any way to pursue this right independently or on your behalf.

A true and correct copy of the Subrogation and Reimbursement provisions of the three applicable Certificates of Coverage are attached hereto respectively as Exhibits "A," "B," and "C."

10.   As a result of the injuries sustained by Weidner, Platt, on behalf of Weidner, filed a lawsuit in the Circuit Court of Brevard County, Florida, <u>Rae Weidner v. Richard A. Boyd, et al.</u>, Case No.: 05-2010-CA-062505.

11. Pursuant to the terms of the subject health plan, United has a right of subrogation and/or a right of reimbursement as to any funds recovered in the said litigation and/or resolution of same.

12. On numerous occasions, United's Subrogation Agent, Ingenix Subrogation Services ("Ingenix"), contacted Platt to request updates as to whether a settlement had occurred in said case. Unbeknownst to United or Ingenix, on or about January 27, 2011, mediation occurred in said litigation and the case was settled, on behalf of Weidner, in the amount of $350,000.00.

13. Notwithstanding said settlement, on February 28, 2011, Platt wrote to Ingenix requesting that Ingenix disregard his February 14, 2011 letter withdrawing the offer, as set forth herein, offered to resolve the lien. Platt further states "Once we have resolved this matter fully, we will be in touch with you regarding your lien." A copy of said letter is attached hereto as Exhibit ("D").

14. Neither Platt nor Weidner ever notified Ingenix or United that the case had actually settled prior to February 28, 2011.

15. At some point, Ingenix learned that said case had settled but Ingenix did not know that amount thereof. However, even though Ingenix requested the information as to the amount of settlement, neither Weidner nor Platt would provide to Ingenix the amount of the settlement.

16. On March 7, 2012, the undersigned counsel, on behalf of United, learned that the case settled for $350,000.00.

17. Prior thereto, on February 13, 2012, the undersigned counsel, wrote to Weidner's counsel, again requesting the total gross amount of the settlement and the amount, if any, of the settlement funds that counsel is currently holding in his trust account. Further, the letter requested that if counsel is not holding such funds to advise as to the current location of the funds and to whom they were paid. A copy of said letter is attached hereto as Exhibit "E." Neither Weidner nor her counsel ever provided such information.

18. Pursuant to the subject Employee Benefit Plan, Weidner and her counsel are required to hold all funds due and owning Plaintiff; to-wit $114,048.88.

19. United has no adequate remedy at law.

WHEREFORE, Plaintiff United respectfully prays that this Court grant the following relief:

A) For an order imposing a constructive trust and/or equitable lien in favor of the Plaintiff upon any funds or property which was recovered regarding the settlement of the said lawsuit.

B) For an order enjoining the Defendants from dissipating any funds which was received in settlement of the said lawsuit and/or from directing or allowing others to do so.

C)   For an order enjoining the Defendants from transferring or disposing of any settlement funds which prejudice, frustrate, or impair Plaintiff United's ability to recover the same.

D)   For an order awarding Plaintiff United its reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

E)   For an order awarding Plaintiff United such other and further relief to which it is entitled.

### Count II – Claim for Enforcement of Provisions

20.   United adopts and reincorporates by reference paragraphs 1 through 19 of its Complaint as if same were fully set forth herein.

21.   United seeks equitable relief pursuant to 29 U.S.C. §1132(a)(3) to enforce the terms of the Plan.

22.   United's right to be reimbursed by Defendants is governed by the terms of the Plan.

WHEREFORE, United is entitled to an order enforcing the terms of the Plan and directing Defendants to reimbursement the Plan the total amount of benefits previously paid by it plus interest.

### Count III – Claim for Equitable Restitution

23.   United adopts and reincorporates by reference paragraphs 1 through 19 of its Complaint as if same were fully set forth herein.

24. By virtue of the settlement, Defendants have received Plan benefits in the amount of $114,048.88 to which Defendants are not entitled.

25. Despite due demand, Defendants have refused to return to the Plan any of such remaining proceeds owed to the Plan.

26. Defendants are not entitled in equity and good conscience to retain the said proceeds.

WHEREFORE, United is entitled to have restored to it those particular proceeds under the doctrine of equitable restitution, pursuant to 29 U.S.C. §1132(a)(3) and/or the Federal Common Law of ERISA.

### Count IV – Claim for Unjust Enrichment

27. United adopts and reincorporates by reference paragraphs 1 through 19 of its Complaint as if same were fully set forth herein.

28. By reason of the aforementioned settlement, and as a result of Defendant's failure to reimburse United, Defendants have been unjustly enriched in the amount of $114,048.88 which Defendants are not entitled in equity and good conscience to retain,

WHEREFORE, United is entitled to recover such benefits in the amount of $114,048.88, under the doctrine of unjust enrichment, pursuant to 29 U.S.C. §1132(a)(3) and/or the Federal Common Law of ERISA.

## Count V – Breach of Benefit Plan

29. United realleges and reincorporates herein paragraphs 1 through 18. This claim is brought in the alternative.

30. As a result of the actions and/or omissions of Defendants, as alleged herein, Defendants breached the terms of the Plan including, but not limited to Defendant Platt, individually and as agent of Weidner, failing to notify Ingenix regarding: the settlement of the said personal injury lawsuit; the amount of the settlement proceeds received by Defendants; the amount, if any, of the settlement funds that Defendant Platt was holding in its trust account, and/or to the extent that Platt of Weidner were not holding said settlement proceeds, the location of such settlement proceeds.

31. Further, to the extent that either Defendants failed to hold any funds due and owing United, based on United's known lien, "separately and alone," from other funds constitutes a breach of the Plan's terms.

32. In addition, to the extent that either Defendant did not "serve as a constructive trustee over the funds," such failure constitutes a breach of the Plan terms.

33. As a result of the actions and/or omissions of Defendants, United has sustained damages.

WHEREFORE, United respectfully requests that this Court enter a final judgment for damages, interest, costs, and attorney's fees pursuant to the Plan documents.

By: _____
JOHN R. BELLO, JR., ESQUIRE
Florida Bar No.: 611395
ATTORNEYS FOR PLAINTIFF
GIBBONS, NEUMAN, BELLO,
SEGALL, ALLEN & HALLORAN, P.A.
3321 Henderson Boulevard
Tampa, Florida 33609
(813) 877-9222
(813) 877-9290 - Fax
jbello@gibblaw.com

i:\insurance\ingenix\weidner\complaint.doc